IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HANNA LEWIS,

    Plaintiff,

vs.                                                                              Case No. 2:16-CV-02727

THE UNITED STATES
DEPARTMENT OF THE INTERIOR,

    Defendant.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, the United States Department of the Interior (DOI), by and through Thomas E. Beall, United States Attorney for the District of Kansas, and D. Brad Bailey, Assistant United States Attorney for the District, denies every material allegation in Plaintiff's First Amended Complaint (Doc. 73) except those allegations that are expressly and specifically admitted below.

1. Defendant denies the allegations in paragraph 1 of the First Amended Complaint because Plaintiff's Title IX claim, Rehabilitation Act Claim and *Bivens* claim have been dismissed (Doc. 72).

2. Paragraph 2 of the First Amended Complaint contains Plaintiff's statement regarding the Court's jurisdiction and therefore a response is not required. Nevertheless, Defendant denies Plaintiff has properly stated the basis of the Court's jurisdiction.

3. In response to paragraph 3 of the First Amended Complaint, Defendant admits this court is the proper venue for an action against the DOI.

4. Defendant denies the allegations in paragraph 4 of the First Amended Complaint because it does not contain any allegations of fact relevant to Plaintiff's Privacy Act claim.

5. In response to paragraph 5 of the First Amended Complaint, Defendant admits only that Plaintiff was at one time a student at Haskell Indian Nations University.

6. In response to paragraph 6 of the First Amended Complaint, Defendant denies Haskell Indian Nations University is a "recipient of federal financial assistance" pursuant to Title IX. Further answering Defendant state that Haskell Indian Nations University is a federal entity wholly owned and operated with federal funds by the United States Department of the Interior, Bureau of Indian Education and is located in Lawrence, Douglas County, Kansas. Further answering, all claims against Haskell Indian Nations University have been dismissed (Doc. 72).

7. In response to paragraph 7 of the First Amended Complaint, Defendant admits only that Haskell Indian Nations University is a federal entity wholly owned and operated with federal funds by the United States Department of the Interior, Bureau of Indian Education and is located in Lawrence, Douglas County, Kansas. Further answering, all claims against Haskell Indian Nations University have been dismissed (Doc. 72).

8. In response to paragraph 8 of the First Amended Complaint, Defendant admits the Department of the Interior may be a proper party in an action under the Privacy Act.

9. In response to paragraph 9 of the First Amended Complaint, Defendant admits only that Elyse Towey is Haskell Indian Nations University's Title IX Coordinator but shows the Court all allegations against Elyse Towey have been dismissed (Doc. 72).

10. In response to paragraph 10 of the First Amended Complaint, Defendant admits only that Tonia Salvini is Haskell Indian Nations University's Vice President of University Services but shows the Court all claims against Tonia Salvini have been dismissed (Doc. 72).

11. In response to paragraph 11 of the First Amended Complaint, Defendant admits only that Venida Chenault is the President of Haskell Indian Nations University but shows the Court all claims against Venida Chenault have been dismissed (Doc. 72).

12. Paragraph 12 does not contain allegations of fact and therefore a response is not necessary. All claims against Towey, Salvini and Chenault have been dismissed (Doc. 72).

13. Paragraph 13 of the First Amended Complaint does not contain any allegations of fact and therefore a response is not necessary.

14. Paragraph 14 of the First Amended Complaint is vague and is denied because Defendant lacks the information necessary to answer the allegation.

15. In response to paragraph 15 of the First Amended Complaint, Defendant admits only that Plaintiff enrolled at Haskell Indian Nations University in 2014.

16. First Amended Complaint paragraph 16 is denied because it contains accusations against individuals who are not parties to this action and therefore Defendant lacks the information necessary to answer the allegation.

17. First Amended Complaint paragraph 17 is denied because it vaguely refers to unidentified "HINU employees" and includes accusations against individuals who are not parties to this action and therefore Defendant lacks the information necessary to answer the allegation.

18. First Amended Complaint paragraph 18 is denied because it contains accusations against individuals who are not parties to this action and therefore Defendant lacks the information necessary to answer the allegation.

19. In response to paragraph 19 of the First Amended Complaint, Defendant admits only that Plaintiff was enrolled at Haskell Indian Nations University from August 20, 2014, to December 5, 2014; from January 7, 2015, to March 24, 2015; from August 19, 2015, to December 10, 2015; and from January 6, 2016, to April 11, 2016.

20. The allegations in paragraph 20 of the First Amended Complaint are denied because Plaintiff does not identify who "knew" of her "condition," includes information unavailable to the

Defendant, and includes accusations involving actions of individuals who are not parties to this action.

21. The allegations in paragraph 21 of the First Amended Complaint are denied because Defendant lacks the information necessary to answer the allegation.

22. In response to paragraph 22 of the First Amended Complaint, Defendant admits only that in the fall of 2014 Angelina Adams was employed at Haskell Indian Nations University as a guidance counselor and, in that capacity, she worked with Haskell Indian Nations University students one of which was Plaintiff.

23. In response to paragraph 23 of the First Amended Complaint, Defendant admits only that Plaintiff was enrolled at Haskell Indian Nations University from August 20, 2014, to December 5, 2014; from January 7, 2015, to March 24, 2015; from August 19, 2015, to December 10, 2015; and from January 6, 2016, to April 11, 2016.

24. In response to paragraph 24 of the First Amended Complaint, Defendant admits only that Joshua Arce is the Chief Information Officer at Haskell Indian Nations University.

25. In response to paragraph 25 of the First Amended Complaint, Defendant admits only that in March of 2016, Plaintiff and another Haskell Indian Nations University student were involved in a physical altercation at a residence hall on the Haskell Indian Nations University campus.

26. The allegations in the First Amended Complaint at paragraphs 26 and 27 are denied except that there may be pictures of injuries to both individuals.

27. The allegations in the First Amended Complaint at paragraph 28 are denied because Defendant does not have sufficient information to answer the allegations.

28. In response to the allegations in the First Amended Complaint at paragraphs 29, 30 and 31, Defendant avers that the policies adopted by Haskell Indian Nations University speak for

themselves and further Defendant denies that it failed to follow Haskell Indian Nations University policies with regard to Plaintiff.

29. The allegations in the First Amended Complaint at paragraphs 32 through 37 are not only denied, but are irrelevant with respect to Plaintiff's First Amended Complaint.

30. In response to paragraph 38 of the First Amended Complaint Defendant denies Plaintiff was denied any rights protected by HIPPA and or FERPA. Defendant avers that any claim based on FERPA/HIPPA have been dismissed (Doc. 72).

31. Paragraph 39 of the First Amended Complaint is denied because Plaintiff's generic references and vague allegations involving policies recognizing a student's right to privacy are too vague to answer.

32. Defendant denies the allegations in the First Amended Complaint at paragraphs 40 and 41.

33. Defendant denies the allegations in paragraphs 42 through 53. Further answering, Plaintiff's claims based on alleged violations of the United States Constitution, Title IX, FERPA and HIPPA have been dismissed (Doc. 72).

34. Defendant denies the allegations in paragraphs 54 through 58 because Haskell Indian Nations University is not a "recipient of federal funds," for purposes of Title IX and Haskell Indian Nations University is not subject to suit under Title IX. Further answering Defendant states Plaintiff's claims based on alleged violations of Title IX have been dismissed (Doc. 72).

35. In response to the allegations in paragraphs 59 through 62 of the First Amended Complaint Defendant admits only that Haskell Indian Nations University offers on campus housing to its students and has the same duties of care and reasonableness imposed on other federal agencies. Further answering Defendant avers that *Nero* speaks for itself and Plaintiff's allegations in paragraphs 59 through 62 are irrelevant with respect to a Privacy Act claim.

36. The substance of the allegations in paragraphs 63 through 68 are denied. Furthermore, the allegations are irrelevant.

37. In response to the allegations in paragraphs 69 through 74, Defendant admits only that the attorney for one of the individuals charged with assaulting Plaintiff served one or more subpoenas, on one or more employees of Haskell Indian Nations University, demanding copies of some of Plaintiffs records. Defendant denies it violated Plaintiff's rights and denies Plaintiff has a private cause of action against Defendant under FERPA, HIPPA, or what are commonly referred to as Touhy regulations. Further answering, Defendant states Plaintiff's claims based on alleged violations of FERPA, HIPPA, or the agency's Touhy regulations have been dismissed (Doc. 72).

38. Paragraphs 75 through 77 contain legal argument, not fact allegations and therefore no response is necessary. In the event the Court determines a response is necessary, Defendant denies the allegations.

39. Paragraph 78 is Plaintiff's allegation regarding damages and therefore no response is necessary. Further answering Defendant states its actions did not cause

injury to Plaintiff and Plaintiff has not stated a claim for which any relief can or should be granted under the Privacy Act.

40. Defendant denies the allegations in paragraph 79 because they are vague and omit information necessary to determine whether the alleged communication occurred.

41. Defendant denies the allegations in paragraph 80 because it cannot determine whether the alleged communication occurred. Further answering, Defendant states there are pictures purporting to show injuries to both Plaintiff and John Doe.

42. Defendant denies the allegations in paragraph 81.

43. Defendant denies the allegations in paragraph 82.

44. Defendant denies the allegations in paragraph 83 because it cannot determine whether the alleged communication occurred.

45. Defendant denies the allegations in paragraph 84.

46. In response to paragraph 85, Defendant admits John Doe informed HINU administrators that Plaintiff physically assaulted him and, as a result, Plaintiff was directed to stay away from John Doe.

47. Defendant denies the allegations in paragraph 86 because the allegations are vague and omit information necessary to formulate a response. Further answering, Defendant states that Danelle McKinney, HINU's Student Conduct Administrator, issued to Plaintiff an Emergency Suspension Notification dated April 1, 2016, advising Plaintiff she was suspended pending a disciplinary hearing. Also, in an Action Notice dated April 1, 2016, Plaintiff was informed that she was placed on Emergency Level III suspension, the reasons for the suspension and her right to appeal the suspension.

48. Defendant denies the statements made in paragraph 87 because they purport to describe a conversation between individuals that are not parties to this action about matters not relevant with respect to Plaintiff's Privacy Act claim.

49. Defendant denies the allegations in paragraph 88.

50. Defendant denies the allegations in paragraph 89 because it cannot determine whether the alleged communication occurred.

51. Defendant denies the statements made in paragraph 90 because they include speculation and opinions. Furthermore, Plaintiff's expulsion was temporary and subject to review, she was not denied due process, and there was no violation of HINU's rules pertaining to the administration of discipline.

52. Paragraph 91 is admitted.

53. In response to paragraph 92, Defendant admits only that Danelle McKinney, HINU's Student Conduct Administrator, issued to Plaintiff an Emergency Suspension Notification dated April 1, 2016, informing Plaintiff she was suspended pending a disciplinary hearing. Further answering, in an Action Notice dated April 1, 2016, Plaintiff was informed that she was placed on an Emergency Level III suspension, she was informed of the reasons for the suspension and her right to appeal the suspension.

54. In response to paragraph 93, Defendant admits only that Plaintiff was allowed to withdraw from HINU.

55. In response to paragraph 94, Defendant admits only that Adams was reassigned to another position at HINU.

56. Defendant denies the allegations in paragraph 95.

57. Defendant admits the allegations in paragraph 96.

58. In paragraph 97 Plaintiff speculates as to what may have happened had she requested a hearing. Because paragraph 97 does not contain fact allegations, it is denied.

59. In response to paragraph 98, like paragraph 94, Defendant admits only that Adams was reassigned to another position at HINU.

60. Paragraph 99 includes speculation as well as vague and inaccurate characterizations. Accordingly, Defendant denies the statements in paragraph 99. Further answering, Defendant admits only that HINU officials were aware that a trial was conducted in June of 2016.

61. Paragraph 100 includes vague speculation and mischaracterizations of disciplinary action taken against Plaintiff. Accordingly, Defendant denies the allegations in paragraph 100.

62. In response to paragraph 101, Defendant admits only that, in response to a subpoena, HINU produced copies of records pertaining to the Plaintiff.

63. In response to paragraph 102, Defendant admits only that, in response to a subpoena, HINU produced copies of records pertaining to the Plaintiff.

64. Defendant denies the allegations in paragraph 103.

65. Paragraph 104 contains opinion, speculation and conclusions rather than fact allegations and therefore the statements are denied.

66. Defendant denies the allegations in paragraph 105.

67. Defendant denies the allegations in paragraph 106.

68. Paragraph 107 is a legal opinion rather than a fact allegation and therefore the statement made in paragraph 107 is denied.

69. Defendant denies the allegations in paragraph 108.

70. Defendant denies the allegations in paragraph 109.

71. Defendant denies the allegations in paragraph 110.

72. Paragraphs 111 through 125 pertain to Count I of the original Complaint which has been dismissed (Doc. 72). For that reason, a response to paragraphs 111 through 125 is unnecessary. In the event the Court determines a response is necessary, Defendant denies the statements, opinions and allegations contained in these paragraphs.

73. Paragraphs 126 through 138 pertain to Count II of the original Complaint which has been dismissed (Doc. 72). For that reason, a response to paragraphs 126 through 138 is unnecessary. In the event the Court determines a response is necessary, Defendant denies the statements, opinions and allegations contained in these paragraphs.

74. Paragraphs 139 through 154 pertain to Count III of the original Complaint which has been dismissed (Doc. 72). For that reason, a response to paragraphs 139 through 154 is unnecessary. In the event the Court determines a response is necessary, Defendant denies the statements, opinions and allegations contained in these paragraphs.

75. Paragraphs 155 through 169 pertain to Count IV of the original Complaint which has been dismissed (Doc. 72). For that reason, a response to paragraphs 155 through 169 is unnecessary. In the event the Court determines a response is necessary, Defendant denies the statements, opinions and allegations contained in these paragraphs.

76. Paragraphs 170 through 181 pertain to Count V of the original Complaint which has been dismissed (Doc. 72). For that reason, a response to paragraphs 170 through 181 is unnecessary. In the event the Court determines a response is necessary, Defendant denies the statements, opinions and allegations contained in these paragraphs.

77. Paragraphs 182 through 190 pertain to Count VI of the original Complaint which has been dismissed (Doc. 72). For that reason, a response to paragraphs 182 through 190 is unnecessary. In the event the Court determines a response is necessary, Defendant denies the statements, opinions and allegations contained in these paragraphs.

78. In paragraph 191 Plaintiff "incorporates" all previous allegations and, in response thereto, Defendant incorporates all previous answers.

79. In paragraph 192 Plaintiff recites portions of federal regulations. There are no fact allegations in paragraph 192 and therefore an answer is not necessary.

80. Plaintiff's statements in paragraphs 193, 194 and 195 are legal conclusions, not fact allegations, and therefore no response is necessary.

81. In response to paragraph 196, Defendant admits only that any records it disclosed were disclosed in response to a subpoena for those records.

82. Defendant denies the allegations in paragraph 197.

83. The allegation in paragraph 198 is too vague to answer. In the event an answer is required, Defendant denies the allegation.

84. Defendant denies the allegations in paragraphs 199 and 200.

85. In response to Plaintiffs prayer for relief, Defendant asserts Plaintiff is not entitled to a jury trial, she is not entitled to declaratory relief, injunctive relief, monetary relief, punitive damages or any relief whatsoever.

86. Plaintiff is not entitled to a jury trial in a Privacy Act claim.

## AFFIRMATIVE DEFENSES

1. In an order filed July 18, 2017, the Court dismissed every claim made in the original Complaint, but granted Plaintiff's motion to file an amended complaint asserting a Privacy Act claim (Doc. 72). The First Amended Complaint, filed August 15, 2017, includes the claims the Court dismissed. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Id.* Accordingly, the Court should strike from the First Amended Complaint every paragraph containing allegations related to the claims the Court has dismissed. Specifically, the Court should strike paragraphs 1, 4, 17, 20-24, 26-37, 43, 44, 46-52, 54-68, 79-98, 107-190.

2. Plaintiff's First Amended Complaint does not correctly identify the basis of the Court's jurisdiction.

3. The First Amended Complaint fails to state a claim for which relief may be granted under the Privacy Act, 5 U.S.C. §§ 552a *et seq*.

4. The United States is not subject to trial by jury, unless Congress has specifically authorized a trial by jury. The Privacy Act does not authorize a trial by jury and therefore the Court should strike Plaintiff's demand for a jury trial.

5. Congress must specifically authorize any award of damages against the United States. The Privacy Act, 5 U.S.C. §552a(g)(4), authorizes an award of actual damages, but does not authorize injunctive relief in an action brought pursuant to 5 U.S.C. § 552a(g)(1)(D).

6. The United States is immune from an award of punitive damages unless there is an express congressional consent for such an award separate from the general waiver of immunity to suit. The Privacy Act does not authorize an award of punitive damages against the United States and therefore the Court should strike Plaintiff's demand for punitive damages.

7. All documents disclosed by the DOI, were disclosed in response to subpoenas.

8. The disclosure of records did not adversely affect Plaintiff.

9. Defendant did not intentionally, or willfully, fail to comply with the Privacy Act in such a way as to have an adverse effect on the Plaintiff.

10. The disclosure of records did not cause Plaintiff any actual damages.

11. The First Amended Complaint does not identify the individual, or individuals, who allegedly violated the Privacy Act, nor does it describe the specific actions taken by the individual, or individuals, in violation of the Privacy Act.

12. Disclosure of records to a person who is already aware of the information contained in those records, does not violate the Privacy Act.

13. The United States reserves the right to amend its answer to assert any additional defenses later discovered, and to raise any other matter constituting an avoidance or affirmative defense.

Having fully answered and responded to Plaintiff's First Amended Complaint, Defendant asks that judgment be entered against Plaintiff in favor of Defendant, and that Defendant be awarded its costs.

Respectfully submitted,

Thomas E. Beall
United States Attorney

*s/D. Brad Bailey*
D. Brad Bailey, S.Ct. No. 11345
Assistant United States Attorney
Federal Building, Suite 290
444 SE Quincy
Topeka, KS 66683-3592
Telephone: 785.295.2850
Facsimile: 785.295.2853
E-mail: brad.bailey@usdoj.gov
Attorneys for the Defendant United States

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Dan Curry, Attorney for Plaintiff

*s/D. Brad Bailey*
D. Brad Bailey
Assistant United States Attorney